UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-12 (JMR/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Yobanis Abel Betharte, | |
| Defendant. | |

_____

Tricia Tingle, Assistant United States Attorney, for Plaintiff.
Lyonel Norris, Federal Public Defender, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 23, 2006, on Defendant's Motion to Suppress Statements [#24]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendant's Motion be denied.

**I. FINDINGS OF FACT**

Defendant Yobanis Abel Betharte has been charged with Armed Bank Robbery and Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. sections 2113(a); 2113 (d); and 924(c). See Indictment [#8].

Police Officer Paul Bydzovsky testified for the Government at the hearing on Defendant's Motion to Suppress Statements. He stated that he has been a police officer for over twenty years, and that he has been employed with the St. Paul Police Department for approximately seven years. He testified that he was on patrol in St. Paul on December 23, 2005. That morning, he responded to a call that a bank robbery was in progress. Bydzovsky stated that at the time the call went over

the radio he was approximately two blocks away from the bank. Bydzovsky drove to the back of the bank and saw a man running away from the bank.

Bydzovsky testified that the man running from the bank was the Defendant. Bydzovsky stated that Defendant was wearing a blue jumpsuit, a wig, and gloves, and was carrying a nylon bag and a handgun. Officer Bydzovsky pursued on foot. In response to police commands to stop, Defendant pocketed his weapon, raised his hands and got down on the ground. During his arrest, gloves, a wig, and sunglasses were recovered from the area. The nylon bag was later recovered from a nearby roof.

Officer Bydzovsky testified that he conducted a pat down search of Defendant and recovered a handgun from his front pocket. He handcuffed Defendant and put him in the back of the squad car. Bydzovsky stated that he waited with Defendant in the squad car for approximately half an hour for the FBI to arrive on the scene. He did not read Defendant his <u>Miranda</u> rights. Bydzovsky testified that he did not initiate conversation with Defendant, did not offer him anything, and did not interrogate him at any time they were in the squad car.

Officer Bydzovsky testified that during the half hour Defendant was in the squad car Defendant was quite conversant. Approximately two or three minutes after being placed in the car, Bydzovsky stated that Defendant said, "for an old guy, you sure run fast." Officer Bydzovsky stated that he did not respond to Defendant's comment. Defendant also stated, "this is the 97th bank robbery, why did I get caught?" To which Officer Bydzovsky replied, "this was the 98th robbery." He testified that Defendant said he had a young daughter and that he needed to buy her Christmas presents. Defendant also asked how much prison time he would receive, to which Officer Bydzovsky replied, "ten to fifteen years." At some point, Defendant asked for a cigarette and

Officer Bydzovsky gave him one.  Officer Bydzovsky testified that he never asked Defendant any questions; he only answered the questions Defendant asked.

Defendant moves to suppress the statements he made while in the squad car, arguing that he was in custody and should have been given Miranda warnings.

## II.  LEGAL ANALYSIS

### A.   Defendant's Statements Are Admissible

To protect the rights guaranteed by the Fifth Amendment, the Supreme Court adopted the Miranda rules to be followed during custodial interrogations.  Miranda v. Arizona, 384 U.S. 436, 444-45 (1966).  Miranda prohibits the government from introducing into evidence statements made by the defendant during a custodial interrogation unless the defendant has been previously advised of his Fifth Amendment privilege against self-incrimination and right to an attorney.

Here, the Government does not dispute that Defendant was in custody during the time he was in the squad car with Officer Budzovsky.  The Government also concedes that Defendant did not receive Miranda warnings.  The only question for the Court to determine is whether Defendant was interrogated while he was in the squad car.

Though Defendant was in custody when he made his statements, not all statements made while in custody are productions of interrogation.  United States v. Hatten, 68 F.3d 257, 262 (8th Cir. 1995).  Miranda does not bar the government from introducing into evidence spontaneous statements made during a conversation not initiated by the officer.  See United States v. Hayes, 120 F.3d 739, 744 (8th Cir. 1997) (citing United States v. Hawkins, 102 F.3d 973, 975 (8th Cir. 1996); see also United States v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000).  Interrogation is not limited to express questioning; it includes words or conduct that the government officer should know are "reasonably

likely to illicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). Whether an incriminating response is sought by an officer is determined from the perspective of the suspect and not by the officer's actual intent. United States v. Richardson, 427 F.3d 1128, 1132 (8th Cir. 2005). In Hayes, the Eighth Circuit held that there was no Miranda violation where the defendant voluntarily made statements while agents explained the interview procedure and before Miranda warnings were given. Spontaneous or volunteered statements are not the result of interrogation, and therefore do not violate a suspect's Miranda rights. See Innis, 446 U.S. at 299-300; United States v. Griffin, 922 F.2d 1343, 1356-57 (8th Cir. 1990).

Here, Defendant's statements were spontaneous utterances, unresponsive to any questioning by Officer Budzovsky. Budzovsky testified that he never asked Defendant any questions, and that he did not initiate conversation while they were in the squad car. Instead, Defendant initiated all the conversation that occurred. Officer Budzovsky answered Defendant's question about prison time, and gave him a cigarette when Defendant requested one. In response to Defendant's comment, "this is the 97th bank robbery," Officer Budzovsky stated only that, "this was the 98th bank robbery." Officer Budzovsky never posed any questions or comments likely to elicit an incriminating response. Because he never interrogated Defendant, he was not required to advise Defendant of his Miranda rights. Therefore, there is no basis for suppression of Defendant's voluntary statements. See United States v. Waloke, 962 F.2d 824, 829 (8th Cir. 1992) (defendant's statements during ride to police station were spontaneous and not product of interrogation). Defendant's Motion to suppress the statements he made to Officer Budzovsky should be denied.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Statements [#24] be **DENIED.**

DATED: March 10, 2006                              s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 24, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 24, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.